LINDELL, Respondent, vs. BRANT, Appellant.

1. Several parties united in defending a suit which involved the title to a tract of land in which they were in erested. They appointed a committee of their number to conduct the defence, and all agreed to pay such assessments as might be made upon them to defray expenses, in proportion to the value of their respective interests. *Held*, it was only necessary for the committee to make one valuation of the land, upon the basis of which calls might continue to be made until the end of the litigation, although the relative value of the several interests might have changed.

*Appeal from St. Louis Court of Common Pleas.*

This was an action brought by Lindell to recover back money paid for the defendant, Brant. The facts are the same as in

the preceding case of *Finney* v. *Brant*, with the following addition : After the assessment in 1846, further expenses were incurred for fees of counsel employed to argue in the Supreme Court of the United States one of the causes involving the title to the Clamorgan arpent; and to pay these expenses, an apportionment was made in 1851, based upon the same valuation of the respective interests in the land as that upon which the assessment was made in 1846. Lindell contributed to make up the amount assessed to Brant as his proportion of these additional expenses. The evidence showed that, according to the county assessment in 1851, Brant's property in the Clamorgan arpent was then of much less value, in proportion to the value of the property of the other signers of the agreement, than it was at the time of the valuation, upon the basis of which the assessment was made. The property of some of the signers of the agrecment had doubled in value from 1846 to 1851, whereas Brant's had only increased in value about two-fifths.

The plaintiff recovered judgment below for the whole amount claimed by him and the defendant appealed.

*Dayton* and *Shepley*, for appellant.

*Barton Bates*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The opinion in the case of *Finney* v. *Brant*, just delivered, will also decide the main questions in this case. The refusal of the court to continue at the first term, the statute of limitations, the objection to the right of each plaintiff to sue separately, have each been settled in Finney's case against Brant.

1. The additional matter in this case, not mentioned in Finney's is, in regard to the construction of the agreement. (See the agreement as set forth in the opinion in Finney's case.) Every such levy or assessment shall be upon each in proportion to the interest he holds in said tract of land. The county

assessment, for the time being, shall be the rule of value, when the assessment shall be made.

Now the appellant contends that, whenever a call is made on the subscribers to the agreement for money to defray expenses, a new assessment must be made from the county assessment. To this the plaintiff below answers : The valuation of the respective interests held in the tract is, by the terms of the agreement, not to be made by the parties or their agents, but is to be ascertained and adopted from the county assessor's books. At the time this is agreed to be done, each is cognizant of the rights of all, and of the common danger. The valuation is one thing, the call for payment another. There is no need of but one valuation, but calls for money may be as often as expenses are incurred. The county assessment, for the time being, shall be the rule of value upon which the assessment shall be made. One assessment is provided for, but calls may be made, from time to time, as often as occasion may require. That one assessment is to conform to the county assessment for the time being, that is, when the individual assessment is made, or the settlement of the proportions, which is the same thing, is made. If every call is to be apportioned by a new valuation, then, whenever a bill of costs is to be paid, there must be a new valuation, which could hardly have been intended. The contract provides that every such levy or assessment " shall be upon each one, in proportion to the interest *which he holds* in said tract of land"—that is, now holds, at the date of the agreement. In the opinion of the court, the plaintiff's construction is the proper one ; otherwise, after these gentlemen had employed counsel, at the expense of ten thousand dollars, and after they had agreed to battle together against Clamorgan's claim, for ten years, any number might have sold out and left the burden on a small part of the original subscribers, and there could be no future assessment on them ; for, after sale, there would be in them no interest. Such never was the understanding ; the agreement was, to adopt the county assessment, in order to proportion the burden

between the parties. If the apportionment was made in order to ascertain how much each one's property in the tract of land was worth at the time of the apportionment thus to be made, the county assessor's books were to be the rule of value, the basis of the individual responsibility, and upon that basis any and every call must be made to rest. If, therefore, the first assessment was needed in 1845 or not until 1846, the assessment of the county was to form the rule for the individual assessment; when once this rule was laid down, this proportion ascertained, it was enough; any future call might be made upon the individuals, though such should have sold their interests after making the agreement.

Upon the whole case, it is the opinion of this court that the judgment below be affirmed, Judge Scott concurring; Judge Gamble not sitting.